# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELENTIC, LLC, a Missouri Limited Liability Company; and DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GUADALUPE VIRAMONTES, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER:<br>*(Número del Caso):* | |
|---|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Old Solano Courthouse | | CU25-11066 |

Superior Court of the State of California, County of Solano
580 Texas Street, Fairfield, CA 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew A. Haulk, Jose M. Herrera, Haulk & Herrera, LLP, 100 Pine St., Ste. 1250, San Francisco, CA 94111, (415) 745-3219

| DATE:<br>*(Fecha)* **12/03/2025** | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [xxx] on behalf of *(specify):* ELENTIC, LLC, a Missouri Limited Liability Company

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[xxx] other *(specify):* Corps. C. 17701.16 (LLC)

4. [ ] by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

### CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):

Guadalupe Viramontes

Defendant(s):

Elentic, LLC, a Missouri Limited Liability Comp**a**

Case No. CU25-11066

**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE**

---

**This matter has been assigned to the following judge for all purposes:**

Name:   Judge Tim P. Kam, Department 7

Location:  580 Texas Street, Fairfield, California 94533

**This matter has been set for a Case Management Conference One as follows:**

Date:  06/03/2026                    Time:  09:00am

Plaintiff and any Defendants served with the summons and complaint MUST APPEAR at this hearing unless otherwise instructed by the court. Parties with attorneys may appear through counsel.

---

**This notice contains important information regarding the case management process. The court expects all attorneys and parties without attorneys to read this notice and to comply with the instructions.**

 If you are the **PLAINTIFF**, you must do the following:

1. Serve your summons, complaint, and a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants within sixty (60) days of the date you filed your complaint with the court.

2. File a proof of service of summons showing service has been completed for each defendant.

3. Comply with the meet and confer obligations in California Rules of Court, rule 3.724 at least thirty (30) days prior to the Case Management Conference One.

4. File a *Case Management Statement (*Judicial Council form CM-110) with the court and have it served on all attorneys (or parties representing themselves) at least fifteen (15) days before the Case Management Conference One.

5. Review and comply with local and statewide rules regarding civil litigation. They are available at:

*http://www.courts.ca.gov/rules.htm*
*http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

---

**NOTICE OF ASSIGNMENT OF JUDGE AND CMC ONE**

 If you are the **DEFENDANT**, you must do the following:

1. File and serve any responsive pleadings within thirty (30) days after the complaint is served on you, if you have not already done so. This deadline cannot be extended unless authorized by law.

    *Appearing at the Case Management Conference One does not excuse a defendant from this requirement.*

2. File a proof of service showing all plaintiffs have been served with a copy of your responsive pleadings.

3. Comply with the meet and confer obligations in California Rules of Court, rule 3.724 at least thirty (30) days prior to the Case Management Conference One.

4. File a *Case Management Statement* (Judicial Council form CM-110) with the court and have it served on all attorneys (or parties representing themselves) at least fifteen (15) days before the Case Management Conference One.

5. Review and comply with local and statewide rules regarding civil litigation. They are available at:

   *http://www.courts.ca.gov/rules.htm*
   *http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

 If you are the **DEFENDANT** and you have filed or will file a **CROSS-COMPLAINT**, you must do the following:

1. Serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

2. Ensure that any cross-complaint served after Case Management Conference One has been held has a *Notice of Case Management Conference Two* served with it.

 If you are demanding a **JURY TRIAL**, you must do the following:

1. Ensure that jury fees are paid as required by law. If you believe you cannot afford the jury fee, you can ask the court to waive them. Ask the Civil Clerk's office for more information.

    *At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.*

 **WHAT TO EXPECT AT CASE MANAGEMENT CONFERENCE ONE AND AFTER:**

1. At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case. They shall also have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. *This applies equally to both attorneys of record and specially-appearing counsel.*

2. The court will set the date, time, and place for any future case management conferences. The court will also make orders about what the court expects counsel and self-represented parties will accomplish prior to those case management conferences.

3. Each attorney of record and self-represented party shall complete, file, and serve a *Case Management Statement* (Judicial Council form CM-110) at least fifteen (15) days before each future case management conference hearing, unless the court excuses that requirement.

> The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, if a Case Management Statement is not timely filed and/or served or is not fully completed, or if the requirements of Rule 4.6 are not met, or if an attorney or self-represented party fails to appear at the conference without good cause.

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court, that I am not a party to the above-entitled action, and that I served this *Notice Of Assignment Of Judge For All Purposes & Notice Of Case Management Conference One* as follows:

☑ **ELECTRONIC SERVICE:** I served the notice electronically on (date) 12/5/2025
at (time) 9:13am _____ on the person(s) named below:

Name: Haulk, Matthew A.

Email address: mhaulk@hhemploymentlaw

Name:

Email address:

☐ See next page for additional service

☐ **PERSONAL SERVICE:** I served the notice personally on (date) _____
at (time) _____ on the person(s) named below:

Name:

Name:

☐ See next page for additional service

☐ **MAILED SERVICE:** I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See next page for additional service

Date: 12/05/2025

Clerk of the Court
Superior Court of California, County of Solano

By: _S. MCCLURE_____

Deputy Clerk

**AFFIDAVIT OF SERVICE**

Additional Service Addresses:

**NOTICE OF ASSIGNMENT OF JUDGE AND CMC ONE**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Matthew A. Haulk (SBN 272457) / Jose M. Herrera (SBN 289590) <br> HAULK & HERRERA LLP, 100 Pine Street, Suite 1250, San Francisco, CA 94111 <br><br> TELEPHONE NO.: (415) 745-3219    FAX NO.: <br> EMAIL ADDRESS: mhaulk@hhemploymentlaw.com; jherrera@hhemploymentlaw.com <br> ATTORNEY FOR *(Name):* Plaintiff Guadalupe Viramontes | **FOR COURT USE ONLY** <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Solano <br> **12/03/2025 at 11:13:58 AM** <br> By: S. McClure, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO**
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME: Old Solano Courthouse

**CASE NAME:**
Guadalupe Viramontes v. Elentic, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CU25-11066 <br><br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 3, 2025

Jose Herrera, Esq.
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

Electronically Submitted on 12/03/2025 11:13 AM

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Electronically Submitted on 12/03/2025 11:13 AM

ELECTRONICALLY FILED
Superior Court of California,
County of Solano
12/03/2025 at 11:13:58 AM
By: S. McClure, Deputy Clerk

1   Matthew A. Haulk (SBN 272457)
       Email: mhaulk@hhemploymentlaw.com
2   Jose M. Herrera (SBN 289590)
       Email: jherrera@hhemploymentlaw.com
3   HAULK & HERRERA LLP                                    $435
4   100 Pine Street, Suite 1250
    San Francisco, CA 94111
5   Telephone:  (415) 745-3219
    Facsimile:  (415) 745-3301
6
    Attorneys for Plaintiff
7   GUADALUPE VIRAMONTES

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SOLANO

10  GUADALUPE VIRAMONTES, an individual,    CASE NO.:   CU25-11066

11                    Plaintiff,            COMPLAINT FOR:

12           vs.                            1.  **UNPAID WAGES AND OVERTIME**
                                            2.  **FAILURE TO PROVIDE MEAL**
13  ELENTIC, LLC, a Missouri Limited Liability      **PERIODS**
    Company; and DOES 1 TO 50,             3.  **FAILURE TO PROVIDE REST**
14                                              **PERIODS**
                                            4.  **FAILURE TO PROVIDE ACCURATE**
15                    Defendants.               **WAGE STATEMENTS**
                                            5.  **WAITING TIME PENALTY FOR**
16                                              **NONPAYMENT OF WAGES**
                                            6.  **FAILURE TO REIMBURSE**
17                                              **EMPLOYEE FOR NECESSARY**
                                               **EXPENDITURES**
18                                          7.  **VIOLATION OF BUSINESS AND**
                                               **PROFESSIONS CODE SECTION**
19                                             **17200**
                                            8.  **WRONGFUL DISCHARGE – PUBLIC**
20                                             **POLICY**
                                            9.  **DISABILITY DISCRIMINATION –**
21                                             **VIOLATION OF FEHA**
                                            10. **RETALIATION UNDER FEHA**
22                                          11. **FAILURE TO TAKE STEPS TO**
                                               **PREVENT DISCRIMINATION AND**
23                                             **HARASSMENT, AND/OR**
                                               **RETALIATION**
24
                                            **DEMAND FOR JURY TRIAL**
25
                                            [UNLIMITED CIVIL JURISDICTION]
26

27

28

                                    1

**INTRODUCTION**

1.  Plaintiff Guadalupe Viramontes brings this action on behalf of herself for Defendant Elentic, LLC's failure to pay regular and overtime wages, failure to provide timely meal periods, failure to provide rest periods, failure to pay premium wages for missed/delayed meal and rest periods, failure to furnish wage statements, failure to reimburse employee for necessary expenditures, wrongful termination, discrimination, retaliation and failure to take steps to prevent discrimination and harassment, and/or retaliation.  As a result of these acts or omissions, Defendants have violated California statutory laws as described below.

**PARTIES**

2.  Plaintiff Guadalupe Viramontes ("Plaintiff") is a natural person and is domiciled in California.

3.  Defendant Elentic, LLC, a Missouri Limited Liability Company, was at all relevant times doing business in Solano County, California.

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued under the fictitious names of Does 1 through 50. Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believe that each of the fictitiously named Doe Defendants is legally responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, were proximately caused by these Doe Defendants' actions.

5.  Elentic, LLC and Doe Defendants 1 through 50, inclusive, are referred to herein collectively as "Defendants." Plaintiff is informed and believe and thereon allege that at all times pertinent hereto, each Defendant was the agent and employee of each of its co-Defendants, and in doing the things described herein, was acting within the course and scope of his/her authority as such agent and employee, and each Defendant ratified and approved the acts of his/her agents and employees. Defendants acted as Plaintiff's "employer" and are responsible for any and all damages claimed by Plaintiff in this action under Labor Code section 558.1.

COMPLAINT FOR DAMAGES

## **FACTUAL ALLEGATIONS**

6.    Plaintiff Guadalupe Viramontes was employed by Defendant Elentic, LLC beginning on or about August 21, 2024, pursuant to a written offer letter for the position of Solution Management Administrator. Plaintiff reported to Keith Fischer, Managing Director. Defendant classified Plaintiff as a full-time salaried, exempt employee.

7.    Although Defendant classified Plaintiff as a salaried, exempt employee, Plaintiff's actual day-to-day job duties were purely administrative, clerical, and routine in nature, and did not involve discretionary decision-making, policy formulation, or managerial authority.

8.    Plaintiff's primary duties consisted of low-level administrative support, including but not limited to:

a.    Scheduling staff meetings, interviews, and training sessions without managing agendas or outcomes;

b.    Entering ticket numbers and project details into spreadsheets;

c.    Updating internal trackers such as RITM and JAZZ logs without validating or analyzing content, pending confirmation from government personnel;

d.    Maintaining lists of users, credentials, and site contact rosters;

e.    Logging meeting attendance and staff coverage schedules;

f.    Sending meeting invites and recording meeting minutes without leading discussions or directing action items;

g.    Drafting simple correspondence such as reminders, form submissions, and status requests;

h.    Following up on routing of signatures and form completion (including JSaAB / JAZZ documentation); and

i.    Filing finalized project documents into shared repositories without performing quality-assurance review.

9.    Plaintiff did not supervise employees, did not manage budgets, did not

negotiate contracts, did not exercise independent judgment on matters of significance, and did not customarily and regularly direct the work of others.

10.    Plaintiff's role was operational and support-based, and she performed these duties strictly at the direction of management and government personnel, further demonstrating that her exempt classification was improper.

11.    Throughout her employment, Plaintiff regularly worked in excess of eight (8) hours per day and forty (40) hours per week, yet Defendant failed to pay overtime compensation, meal-period premiums, and rest-period premiums due to its classification of Plaintiff as exempt.

12.    In addition, Plaintiff was required to use personal resources in furtherance of Defendant's business and incurred work-related expenses that were not fully reimbursed by Defendant.

13.    On or about June 10, 2025, Plaintiff notified Defendant that she required medical leave due to a serious health condition and provided a doctor's letter confirming the need for leave. Plaintiff asked Defendant for guidance on next steps regarding leave and short-term disability processing.

14.    Defendant acknowledged receipt of Plaintiff's medical documentation and engaged in written communications regarding her leave status and return-to-work planning. Defendant requested additional information and stated that it would coordinate with Human Resources regarding leave administration and accommodations.

15.    At all relevant times, Plaintiff remained in communication with Defendant regarding her medical status and did not abandon her position. Plaintiff relied on Defendant's representations that her medical leave was being processed and that return-to-work planning would occur following medical clearance.

16.    On or about October 2025, while Plaintiff remained on medical leave, Defendant sent Plaintiff a "Notice Regarding Position Status" informing her that, due to her ongoing medical absence, Defendant was backfilling her position, while only vaguely stating that potential reintegration might be considered at some unspecified later date.

4

COMPLAINT FOR DAMAGES

17.     On October 22, 2025, Defendant issued Plaintiff a "Second Notice Regarding Position Status," asserting—without factual basis—that Plaintiff had failed to communicate and stating that Defendant had decided to terminate Plaintiff's employment effective November 7, 2025.

18.     At no time before issuing these termination notices did Defendant conduct any meaningful interactive process, offer reasonable accommodation, or reinstate Plaintiff following her medical leave. Instead, Defendant terminated Plaintiff while she was still on protected medical leave and before she was released to return to work.

19.     Defendant's stated reasons for terminating Plaintiff—alleged lack of communication and extended absence—were false and pretextual. The true motivating factors for Plaintiff's termination were her disability, medical condition, and protected medical leave.

20.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, unpaid overtime and premium wages, unreimbursed business expenses, emotional distress, statutory penalties, and other compensatory damages.

## FEHA ALLEGATIONS

21.     The Complaint alleges causes of action under California's Fair Employment and Housing Act (the "FEHA"). Claimant has obtained a right to sue notice issued by the State of California's Civil Rights Department ("CRD"), exhausted administrative remedies, and satisfied all pre-filing requirements.

## PAGA ALLEGATIONS

22.     On or around the date of the filing of this Complaint, Plaintiff filed a claim with the California Labor and Workforce Development Agency (hereafter, "LWDA") and provided a copy by certified mail to Defendant. The LWDA has 65 calendar days to respond and, if it does not do so, Plaintiff will have exhausted Plaintiff's administrative remedies and, pursuant to Labor Code section 2699.2, will be permitted to pursue Plaintiff's PAGA claims in this court. The period for the LWDA to respond to the has not

1  expired. If the LWDA does not respond within the applicable statutory period, Plaintiff will

2  amend this Complaint to add a cause of action under PAGA.

3  <u>**NOTICE OF DAMAGES**</u>

4       23.    For notice purposes, and should Defendants fail to respond to this

5  Complaint, Plaintiff will seek a default judgment against Defendants, and each of them, in

6  an amount up to $1,000,000 for compensatory damages, an equivalent amount in

7  liquidated damages, and $3,000,000 in civil penalties in accordance with proof at the time

8  of the default hearing. This notice is provided in order to comply with due process

9  requirements for the purpose of a default judgment. If Defendants respond to this

10  Complaint and appear in this action, Plaintiff will seek damages in accordance with proof

11  at the time of trial.

12  **FIRST CAUSE OF ACTION**<br>**UNPAID REGULAR WAGES AND OVERTIME**<br>**(Against All Defendants)**

13

14       24.    Plaintiff incorporates by reference all other paragraphs of this Complaint as

15  if they were re-alleged and set forth herein.

16       25.    Under Labor Code §§ 204, 215, 216, 218.5, 510, 1194, 1194.2, 1197, 1199,

17  and the applicable IWC Wage Order, it is unlawful for an employer to suffer or permit an

18  employee to work without paying wages for all hours worked. "Hours worked" is defined

19  to include the time an employee is suffered or permitted to work, whether or not required

20  to do so. At all relevant times, Defendants have failed to pay Plaintiff for all hours worked

21  and/or have regularly and consistently maintained policies and practices of refusing to pay

22  Plaintiff for all hours worked.

23       26.    <u>**Unpaid Regular Wages:**</u> Plaintiff should have received regular wages

24  according to the hours worked during Plaintiff's employment. Defendants owe Plaintiff

25  regular wages and have failed and refused, and continue to fail and refuse, to pay Plaintiff

26  the amounts owed as regular wages.

27       27.    <u>**Unpaid Overtime Wages:**</u> Plaintiff was entitled to overtime compensation

28  for all overtime hours worked during Plaintiff's employment. During Plaintiff's employment,

6

1  Defendants failed to pay Plaintiff for all hours worked, including Plaintiff's overtime hours,
2  and Plaintiff is therefore entitled to the amounts owed as overtime wages.

3      28.    **Liquidated Damages:** Plaintiff is entitled to liquidated damages under
4  Labor Code section 1194.2(a).

5      29.    As a direct and proximate result of Defendants' conduct, as set forth herein,
6  Plaintiff has sustained damages and been deprived of wages and overtime compensation
7  that are owed in amounts to be proven at trial. Plaintiff is entitled to recovery of such
8  amounts, plus interest, liquidated damages, and attorneys' fees and costs.

9                      **SECOND CAUSE OF ACTION**
                   **FAILURE TO PROVIDE MEAL PERIODS**
10                       **(Against All Defendants)**

11      30.    Plaintiff incorporates by reference all other paragraphs of this Complaint as
12  if they were re-alleged and set forth herein.

13      31.    California Labor Code § 512 provides, in pertinent part, as follows: "An
14  employer may not employ an employee for a work period of more than five hours per day
15  without providing the employee with a meal period of not less than 30 minutes except that
16  if the total work period per day of the employee is no more than six hours, the meal period
17  may be waived by mutual consent of both the employer and the employee".

18      32.    Pursuant to Defendants' policies, the demands of Plaintiff's duties, and
19  Plaintiff's misclassification status, Plaintiff was required to, and actually did, forego the
20  meal periods required to be provided to Plaintiff. By failing to provide Plaintiff with these
21  meal periods, Defendants violated California Labor Code sections 512 and 226.7 and the
22  applicable IWC Wage Order. As a result of the unlawful acts of Defendants set forth herein,
23  Plaintiff is entitled to additional wages for the missed and delayed meal periods.

24                      **THIRD CAUSE OF ACTION**
                   **FAILURE TO PROVIDE REST PERIODS**
25                       **(Against All Defendants)**

26      33.    Plaintiff incorporates by reference all other paragraphs of this Complaint as
27  if they were re-alleged and set forth herein.

28      34.    The applicable IWC Wage Order authorizes and requires employees to take

1  paid rest periods based on the total hours worked daily at the rate often minutes rest per

2  four hours or major fraction thereof.  Cal. Labor Code § 226.7(a) provides: "No employer

3  shall require an employee to work during any . . . rest period mandated by an applicable

4  order of the Industrial Welfare Commission."

5     35.    Pursuant to Defendants' policies, the demands of Plaintiff's duties, and

6  Plaintiff's misclassification status, Plaintiff routinely was required to take delayed rest

7  periods and/or to skip rest periods. By requiring and permitting Plaintiff to miss these rest

8  periods, or take delayed rest periods, Defendants violated California Labor Code section

9  226.7 and the applicable IWC Wage Order and California Labor Code section 226.7. As a

10  result of the unlawful acts of Defendants set forth herein, Plaintiff is entitled to additional

11  wages for the missed and delayed rest periods.

12                    **FOURTH CAUSE OF ACTION**
                **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
13                        **(Against All Defendants)**

14     36.    Plaintiff incorporates by reference all other paragraphs of this Complaint as

15  if they were re-alleged and set forth herein.

16     37.    Defendants knowingly and intentionally failed to provide timely, accurate,

17  itemized wage statements in accordance with Cal. Lab. Code §226(a) and the applicable

18  IWC Wage Order. Such failure caused injury to Plaintiff by, among other things, impeding

19  Plaintiff from knowing the amount of wages to which Plaintiff is and was legally entitled. At

20  all times relevant herein, Defendants have failed to maintain records of hours worked by

21  Plaintiff as required under Labor Code §1174(d).

22     38.    Prior to the completion of discovery, and to the best of Plaintiff's knowledge

23  at the time of filing this Complaint, Plaintiff's good faith estimate of the number of pay

24  periods in which Defendants have failed to provide accurate itemized wage statements to

25  Plaintiff in each and every pay period during Plaintiff's employment. Plaintiff seeks the

26  amount provided under Cal. Lab. Code §226(e), including the greater of all actual

27  damages or fifty dollars ($50) for the initial pay period in which a violation occurred and

28  one hundred dollars ($100) for each violation in a subsequent pay period.

## FIFTH CAUSE OF ACTION
## WAITING-TIME PENALTY FOR NONPAYMENT OF WAGES
### (Against All Defendants)

39.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if they were re-alleged and set forth herein.

40.    Plaintiff separated from employment with Defendants as further alleged herein. Upon separation, and within the statutorily required timeline, Defendants willfully failed to pay Plaintiff all wages when due.

41.    Plaintiff seeks waiting time penalties as authorized by law, including Labor Code sections 203 and 218.

## SIXTH CAUSE OF ACTION
## FAILURE TO REIMBURSE EMPLOYEE FOR NECESSARY EXPENDITURES OR LOSSES
### (Against All Defendants)

42.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if they were re-alleged and set forth herein.

43.    Plaintiff incurred expenditures and/or losses as a direct consequence of discharging Plaintiff's job duties and/or obeying the directions of Defendants. The expenditures and losses that Plaintiff incurred were necessary and reasonable.

44.    Defendants failed to reimburse Plaintiff for the full amount of the expenditures and/or losses as required by law, including Labor Code section 2802(a), and Plaintiff has suffered damages as a result.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200
### (Against All Defendants)

45.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if they were re-alleged and set forth herein.

46.    Defendants' violations of the Labor Code and other laws and regulations as alleged by this Complaint, and other wrongful, tortious and illegal acts and omissions, all constitute unfair business practices in violation of the Unfair Competition Law, Business and Professions Code § 17200 et seq.

47.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competition. Defendants should be made to disgorge the ill-gotten gains and restore such monies to Plaintiff.

48.     Defendants' unfair business practices entitles Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge and restore to Plaintiff any compensation unlawfully withheld from Plaintiff, and for which Defendants were unjustly enriched.

### EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

49.     Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

50.     Plaintiff was employed by Defendants. Defendants terminated Plaintiff's employment. As alleged herein, a substantial motivating reason for Plaintiff's discharge was retaliation for Plaintiff's medical condition, medical leave, and request for accommodation, and discrimination on the basis of disability, all in violation of fundamental public policies embodied in the Fair Employment and Housing Act, Government Code section 12940 et seq., and related California law.

51.     Defendants' wrongful discharge of Plaintiff was a substantial factor in causing Plaintiff economic loss, emotional distress, and other damages in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION – VIOLATION OF FEHA
### (Gov. Code § 12940(a))
### (Against All Defendants)

52.     Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

53.     At all relevant times, Plaintiff was a qualified individual with a disability and/or

medical condition within the meaning of the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et seq.

54. Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

55. Defendants knew of Plaintiff's disability and medical condition, yet discriminated against Plaintiff on that basis by subjecting her to adverse employment actions, including but not limited to termination of employment.

56. Plaintiff's disability and medical condition were substantial motivating reasons for Defendants' adverse employment actions.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other economic and non-economic damages according to proof.

## TENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
### (Gov. Code § 12940(h))
### (Against All Defendants)

58. Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff engaged in protected activity under FEHA, including but not limited to requesting medical leave, disclosing her medical condition, and seeking accommodation.

60. Defendants thereafter subjected Plaintiff to adverse employment actions, including but not limited to termination of employment.

61. Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to subject Plaintiff to the adverse employment actions alleged herein.

62. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered lost wages, emotional distress, and other damages according to proof.

///

///

### ELEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION
### (Gov. Code § 12940(k))
### (Against All Defendants)

63. Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

64. At all relevant times, Plaintiff was an employee of Defendants and was subjected to discrimination and retaliation in the course and scope of her employment, as alleged herein.

65. Defendants failed to take all reasonable steps to prevent and promptly correct the discrimination and retaliation suffered by Plaintiff.

66. Defendants' failure to take reasonable preventive and corrective action was a substantial factor in causing Plaintiff to suffer economic loss, emotional distress, and other damages according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial;

2. General and special damages, in an amount to be proven at trial;

3. For statutory damages and penalties, including but not limited to, all penalties authorized under PAGA;

4. For temporary, preliminary, and permanent injunction;

5. Attorney's fees and costs of suit;

6. For punitive and exemplary damages;

7. Pre-judgment interest on any damages or other amounts deemed payable;

8. Other or further relief as the Court deems just and proper;

///
///
///
///

1

## **<u>DEMAND FOR TRIAL BY JURY</u>**

2      Plaintiff hereby demands a trial by jury.

3   Dated: December 3, 2025              HAULK & HERRERA LLP

4

5                                       By: _____

6                                          Matthew A. Haulk, Esq.
                                           Jose M. Herrera, Esq.
                                           Attorneys for Plaintiff
7                                          GUADALUPE VIRAMONTES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

COMPLAINT FOR DAMAGES



## SOLANO COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

---

The judges of the Civil Division agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
- Choose ADR on the Case Management Statement (CM-110) or
- File a Stipulation and Order - ADR or
- Agree to ADR at your first court appearance

Questions?  Call (707) 207-7413 or go to *www.solano.courts.ca.gov/adr*

---

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

**Pro Bono Mediation Program:**

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

**Private Mediation and Arbitration:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**Fees:**

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court.  Fees are usually charged on an hourly basis.  The court offers "no fee" mediation to parties who cannot afford to pay for mediation.  A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.

# EXHIBIT B

POS-010

Electronically Submitted on 01/13/2026 05:14 PM

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew A. Haulk (SBN 272457) / Jose M. Herrera (SBN 289590)<br>Haulk & Herrera LLP<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-745-3219    FAX NO. (Optional): 415-745-3301<br>E-MAIL ADDRESS (Optional): mhaulk@hhemploymentlaw.com / jherrera@hhemploymentlaw.com<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Solano<br>01/13/2026 at 05:14:15 PM<br>By: E. DeRogatis, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME:

| PLAINTIFF/PETITIONER: Guadalupe Viramontes, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Elentic, LLC, a Missouri Limited, etc., et al | CU25-11066 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet
   e. ☐ cross-complaint
   f. ✓ other (specify documents): Notice of Assignment of Judge and CMC One

3. a. Party served (specify name of party as shown on documents served):
      Elentic, LLC, a Missouri Limited Liability Company

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      Doyna L. Taylor - registered agent for service, authorized to accept service

4. Address where the party was served:
   (Residence) 724 Mansfield Drive, Olivette, MO 63132

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on-(date):                    (2) at-(time):
   b. ✓ **by substituted service.** On (date): 12-18-25    at (time): 3:17 pm I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      Laimmoire Taylor - Managing Member
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ✓ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):          from (city):                    or ✓ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Guadalupe Viramontes, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Elentic, LLC, a Missouri Limited, etc., et al | CU25-11066 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  Elentic, LLC, a Missouri Limited Liability Company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: Corps. C. 17701.16 (LLC) |

7. **Person who served papers**
  a. Name: Lawrence G. Roth - Process Server
  b. Address: Anderson Process Service, Marin Co. #97, 1537 Fourth Street, PMB 152, San Rafael, CA 94901
  c. Telephone number: 415-706-0797
  d. **The fee** for service was: $ 150
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: December 26, 2025

Lawrence G. Roth - Process Server
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

## DECLARATION OF MAILING, Case No. 25CV-05924

I, Matthew Anderson, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 1537 Fourth St, PMB 152, San Rafael, CA 94901.

On December 22, 2025 I mailed from San Rafael, CA the following documents by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service by first class mail with the postage prepaid:

SUMMONS, COMPLAINT, NOTICE OF ASSIGNMENT OF JUDGE AND CMC ONE, ADR INFORMATION PACKAGE, CIVIL CASE COVER SHEET

The envelope was addressed and mailed as follows:

ELENTIC, LLC
724 MANSFIELD DRIVE
OLIVETTE, MO 63132
ATTN: DONYA L. TAYLOR

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  December 22, 2025

_____
Matthew Anderson

# EXHIBIT C

ANGELA J. RAFOTH, Bar No. 241966
arafoth@littler.com
KADY J. POULOS, Bar No. 348804
kpoulos@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, California 94105
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
ELENTIC, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Solano
01/16/2026 at 03:04:18 PM
By: E. DeRogatis, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

| | |
|---|---|
| GUADALUPE VIRAMONTES, an individual, | Case No. CU25-11066 |
| Plaintiff, | **DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | ASSIGNED FOR ALL PURPOSES TO HON. TIM P. KAM - DEPT. 7 |
| ELENTIC, LLC, a Missouri Limited Liability Company; and DOES 1 to 50, | |
| Defendants. | Trial Date:          Not Set<br>Complaint Filed:    December 3, 2025 |

Defendant ELENTIC, LLC ("Defendant"), through its undersigned counsel, answers the unverified Complaint ("Complaint") of Plaintiff GUADALUPE VIRAMONTES as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil procedure section 431.30(d), Defendant hereby denies generally and specifically each and every allegation of the Complaint and further denies that Plaintiff has been damaged in any sum, or at all.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not admit any of the allegations of the Complaint and does not assume the burden of proof as to any matter that, as a matter of law, is Plaintiff's burden to prove. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint, and each and every cause of action therein, in whole or in part, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.      As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint, and each and every cause of action therein is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure sections 338(a), 340, and 343, California Government Code sections 12960 and 12965(b), California Labor Code section 203, and the California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Procedural and Administrative Remedies)

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

3.    As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff failed to timely comply with the applicable procedural and administrative prerequisites including timely charge filing requirements and the exhaustion of all administrative remedies available to her.

### FOURTH AFFIRMATIVE DEFENSE
### (Exceeds Scope of Administrative Charge)

4.    As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint, and each cause of action set forth therein is barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust her administrative remedies with the California Civil Rights Department ("CRD") and/or the Equal Employment Opportunity Commission ("EEOC"), the causes of action asserted in the Complaint exceed the scope of any potential Charges filed with the CRD and/or EEOC.

### FIFTH AFFIRMATIVE DEFENSE
### (After Acquired Evidence Defense)

5.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein is barred, in whole or in part, to the extent that during the course of this litigation it acquires any evidence of Plaintiff's wrongdoing, such after-acquired evidence bars Plaintiff's claims of liability or damages or reduces such claims as provided by law.

### SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff's Breach of Duties)

6.    As a separate and distinct affirmative or other defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that the Complaint, and each purported cause of action therein, or some of them, is barred by Plaintiff's own breach of duties owed to Defendant under California Labor Code §§ 2853, 2854, 2856, 2857, 2858 and 2859.

### SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

7.    As a separate and distinct affirmative or other defense, Defendant alleges that the

3

Complaint, and each and every alleged cause of action therein, is barred either in whole or in part by the doctrines of waiver, laches, consent, estoppel, unclean hands, release, settlement, unjust enrichment, and other equitable bases.

### EIGHTH AFFIRMATIVE DEFENSE
### (Reasonable Care)

8.    As a separate and distinct affirmative or other defense, Defendant alleges that it exercised reasonable care to prevent and promptly correct any alleged discriminatory, retaliatory, or otherwise unlawful behavior.

### NINTH AFFIRMATIVE DEFENSE
### (Outside Course and Scope)

9.    As a separate and distinct affirmative or other defense, Defendant alleges that to the extent any employee engaged in discriminatory, retaliatory, or otherwise unlawful behavior, the alleged acts were committed outside the course and scope of employment and were not authorized, adopted, or ratified by Defendant.

### TENTH AFFIRMATIVE DEFENSE
### (Legitimate Non-Discriminatory Reasons)

10.    As a separate and distinct affirmative or other defense, Defendant alleges that the employment actions complained of by Plaintiff were based on legitimate non-discriminatory and non-retaliatory reasons.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

11.    As a separate and distinct affirmative or other defense, Defendant alleges that each purported cause of action contained in the Complaint, or some of the causes of action, are barred, or any recovery should be reduced, because Defendant had in place and implemented, in good faith, policies, procedures, and other measures that were reasonably designed to prevent workplace discrimination, harassment, retaliation or other unlawful behaviors. Despite these policies, which were known to Plaintiff, Plaintiff failed to report or to take advantage of them. Plaintiff's reasonable use of available procedures would have prevented some, if not all, of any alleged harm of which Plaintiff now complains.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

### TWELFTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

12.    As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendant had an obligation to reasonably accommodate such a disability, such accommodation would pose an undue hardship.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Barred)

13.    As a separate and distinct affirmative or other defense, Defendant alleges that its good faith efforts to prevent discrimination, harassment, retaliation, and any other unlawful acts, including maintaining a suitable anti-discrimination and anti-harassment, and ant-retaliation policy in effect at all material times bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999); *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999).

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

14.    As a separate and distinct affirmative or other defense, Defendant alleges that the United States and/or California Constitutions bar any claim by Plaintiff for punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Reason to Know of Expense)

15.    As a separate and distinct affirmative or other defense, Defendant alleges that any claim pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did not know, and had no reason to know, of the any alleged unreimbursed expenses claimed.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

16.    As a separate and distinct affirmative or other defense, Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any benefits and/or other monies and/or benefits that Plaintiff has received or will receive, whether through employment, disability insurance,

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

unemployment insurance, workers' compensation, or by any amounts erroneously overpaid to Plaintiff, or for any pay Plaintiff received to which she was not entitled, or otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

17.    As a separate and distinct affirmative or other defense, Defendant alleges to the extent that Plaintiff is seeking damages for emotional injury, her claims are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code § 3600, *et seq.,* in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendant were subject to California Labor Code §§ 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services in the course and scope of her employment; (3) Plaintiff alleges that the injuries were caused by her employment and that Defendant employed her; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendant paid the entire costs for coverage of its employees.  Accordingly, this Court lacks subject matter jurisdiction over said claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Exempt)

18.    As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff is not entitled to payment of overtime wages and/or payment for failure to take meal and rest periods to the extent Plaintiff was exempt under the administrative, executive, or managerial exemptions arising under the California Labor Code, including California Labor Code sections 226.7(e), 515, applicable Wage Orders, including but not limited to Wage Orders 4 and/or 5, and applicable regulations, considering appropriate tacking of exemptions. *See also Brinker Restaurant Corp. v. Superior Court* (San Diego), 53 Cal. 4th 1004 (2012).

### NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

19.    As a separate and distinct affirmative or other defense, Defendant alleges that any recovery to which Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced by reason of Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate her damages.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTIETH AFFIRMATIVE DEFENSE

### (B&P Code § 17200, *et seq.* – No Injunctive Relief/Disgorgement)

20.     As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff's claims for recovery in the form of injunctive relief and disgorgement under California Business and Professions Code section 17200 *et seq.* are barred to the extent the alleged violations (which Defendant denies) have been discontinued, ceased, or are not likely to recur.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (B&P Code § 17200, *et seq*- Due Process)

21.     As a separate and distinct affirmative or other defense, Defendant alleges that the prosecution of this action under Business and Professions Code sections 17200 *et seq.*, as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution. That violation is both procedural, by imposing a procedure that would render it impossible for Defendant to defend its interests and property; and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J. Reynolds Tabacco Company*, 37 Cal. 4th 707 (2005).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

22.     As a separate and distinct affirmative or other defense, Defendant alleges that if Plaintiff suffered any emotional distress as alleged in her Complaint, such emotional distress was proximately caused by factors other than the alleged action or inaction of Defendant and/or anyone acting on Defendant's behalf.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Injunctive Relief Barred)

23.     As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff is not entitled to declaratory or injunctive relief because former employees lack the requisite standing to obtain injunctive relief against a former employer. *See, e.g.*, *Davis v. Farmers Ins. Exchange* (2016) 245 Cal.App.4th 1302, 1326-27; *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338, 364.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

24.    As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff's recovery, if any, of non-economic damages based upon the Complaint and each purported cause of action alleged therein, is limited to the percentage of fault, if any, attributable to Defendant as provided in the Fair Responsibility Act of 1986, Cal. Civ. Code §§ 1431-1431.5.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Same Actor)

25.    As a separate and distinct affirmative or other defense, Defendant alleges there is a presumption and inference that Defendant did not discriminate or retaliate against Plaintiff because the same actor(s) who made the decision to terminate Plaintiff's employment also hired her.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Wage Statements- No Injury)

26.    As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff sustained no injury, as defined in Labor Code section 226(e)(2) from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Wage Statements- Good Faith Belief)

27.    As a separate and distinct affirmative or other defense, Defendant alleges that it acted with a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, and 226.7 thereof, as to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties- Good Faith Dispute)

28.    As a separate and distinct affirmative or other defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, because a good faith dispute exists over whether wages are owed.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Liquidated Damages)

29.     As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails to state a claim for an award of liquidated damages under California Labor Code sections 218 and 1194.2(a), or any other basis.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motive)

30.     As a separate and distinct affirmative or other defense, Defendant alleges that assuming, *arguendo*, any adverse employment action was taken, in whole or part, based on Plaintiff's alleged disability or alleged protected activity (which Defendant denies), the same alleged adverse employment action would have been undertaken regardless of Plaintiff's alleged disability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Health and Safety)

31.     As a separate and distinct affirmative or other defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff could not perform the essential functions of her job, with or without reasonable accommodation, without endangering her health and safety and/or the health and safety of others.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Meal Periods- No Automatic Liability)

32.     As a separate and distinct affirmative or other defense, Defendant alleges that to the extent Plaintiff has time records that appear to show missed, short, or delayed meal periods, automatic liability does not result, because Plaintiff was either compensated for noncompliant meal periods, or was provided compliant meal periods during which she chose to work.  *See Donohue v. AMN Servs., LLC*, 11 Cal.5th 58, 77 (2021).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Take Meal Periods or Rest Breaks Provided Under the Law)

33.     As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff has

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that Plaintiff did not take meal or rest breaks, it was because she: (1) failed to take meal periods and/or rest breaks that were provided to her in compliance with California law; (2) chose not to take meal periods and/or rest breaks that were authorized and permitted; or (3) waived (orally or in writing) her right to meal periods under California Labor Code section 512(a) and/or applicable Wage Order of the Industrial Welfare Commission.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties – Not Willful)

34.    As a separate and distinct affirmative or other defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, because any failure to pay waiting time penalties was not intentional or willful.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Reimburse Business Expenses – Not Reasonably Necessary or Required)

35.    As a separate and distinct affirmative or other defense, Defendant alleges that any claims for civil penalties pursuant to Labor Code section 2802 are barred, in whole or in part, because the expenses claimed (if any) were not reasonably necessary/required for job and/or were not incurred in direct consequence of the discharge of her duties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unfair Business Practices – Adequate Remedies at Law)

36.    As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff's claims for equitable relief are barred, in whole or in part, on the ground that adequate remedies at law exist.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Knowledge)

37.    As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff is not entitled to wages or overtime pay to the extent Defendant has no knowledge of, or reason to know of, any work performed which was not authorized by Defendant and which Plaintiff now alleges were unpaid.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTYY-EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

38.     As a separate and distinct affirmative or other defense, Defendant alleges that the Complaint and each cause of action set forth therein is barred, in whole or in part, because part or all of the time for which Plaintiff seek compensation was *de minimis* and therefore not recoverable and/or compensable.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Information on Wage Statements Is Promptly and Easily Determinable)

39.     As a separate and distinct affirmative or other defense, Defendant alleges that Plaintiff is not entitled to any penalties because, with regard to each wage statement issued to Plaintiff, Plaintiff could promptly and easily determine from the wage statement all of the information set forth in California Labor Code § 226(e)(2)(B)(i) through (iii).  The Division of Labor Standards Enforcement ("DLSE") has affirmatively stated that pay stubs are compliant on this basis.  *See* DLSE Enforcement Policies and Interpretations Manual, §14.1.16.

## FORTIETH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

40.     As a separate and distinct affirmative or other defense, Defendant is informed and believes, and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because there exist a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and, if so, as to the amount of such further compensation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by way of her Complaint in relation to Defendant;

2.     That judgment be entered in Defendant's favor and against Plaintiff on all causes of action;

3.     That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each claim;

4.     That Defendant be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

1    5.    That Defendant be awarded for such further relief as the Court deems just and proper.

2

3

4   Dated:  January 16, 2026                    LITTLER MENDELSON, P.C.

5

6                                              ANGELA J. RAFOTH
7                                              KADY J. POULOS
                                               Attorneys for Defendant
8                                              ELENTIC, LLC

4923-5537-0628 / 132043.1001

9

10

11

12

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

  I am a resident of the State of California, over the age of eighteen years, and not a party to

the within action. My business address is 101 Second Street, Suite 1000, San Francisco, California 94105.

On January 16, 2026, I served the within document(s):

  **DEFENDANT ELENTIC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐ By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Matthew A. Haulk
Jose M. Herrera
HAULK & HERRERA LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 745-3219
Facsimile: (415) 745-3301

Email: mhaulk@hhemploymentlaw.com
Email: jherrera@hhemploymentlaw.com

Attorneys for Plaintiff GUADALUPE VIRAMONTES

  I am readily familiar with the firm's practice of collection and processing correspondence for

mailing and for shipping via overnight delivery service. Under that practice it would be deposited with

the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery

service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary

course of business.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct, and this Declaration was executed at San Francisco, California on January 16, 2026.


Yasmin Alleje

4931-7502-9124 / 132043.1001

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940